IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONALD LEE FUGETT,

    Petitioner                          CASE NO. 2:08-cv-483
                                               JUDGE SARGUS
                                               MAGISTRATE JUDGE KEMP

CLIFFORD SMITH, Warden,

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 and has requested leave to proceed in forma pauperis. Petitioner is unable to pay the filing fee and his motion for leave to proceed in forma pauperis (#1) is granted. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

### I. PROCEDURAL HISTORY

According to the petition, this action involves petitioner's 1983 convictions after a jury trial on rape, burglary, and robbery. Petitioner was sentenced to twenty-one to seventy-five years incarceration. The state appellate court affirmed petitioner's convictions and sentence and the Ohio Supreme Court dismissed petitioner's subsequent appeal "sometime in 1983." *See Petition*. Petitioner states that he pursued a state habeas corpus

petition, which action the Ohio Supreme Court denied on April 9, 2008. *See id., Appendix A*.

On May 19, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He signed the petition on May 12, 2008. Petitioner alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner was arrested without cause. Petitioner has been denied a full and fair opportunity to litigate this claim in any court to date.
>
> 2. Prosecutorial misconduct. The petitioner pursued and obtained an indictment when the case had in fact been dismissed for want of prosecution by any alleged victim.
>
> 3. Ineffective assistance of trial counsel.
>
> 4. Petitioner's civil rights were violated when petitioner was arrested without a warrant that was not based on probable cause for a warrantless arrest.
>
> 5. The statute of limitations had run by the time petitioner was taken to trial.
>
> 6. Petitioner's due process rights were violated.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application

> for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because petitioner's judgment of conviction became final long before the AEDPA imposed a one-year statute of limitations on the filing of federal habeas corpus petitions, petitioner had one year from the effective date of the AEDPA, or until April 24, 1997, to file his habeas corpus petition. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002)(citation omitted). Petitioner waited more than ten years later, until May 19, 2008, to file the instant habeas corpus petition. Petitioner's state habeas corpus petition, apparently filed long after the statute of limitations had already expired, did not toll or otherwise affect the running of the

statute of limitations under 28 U.S.C. 2244(d). "The tolling provision does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run ." *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir.2003), citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003) (same). Moreover, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue. *See Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001).

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

        /s/ Terence P. Kemp
        United States Magistrate Judge