IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONALD LEE FUGETT,

    Petitioner,

v.

CLIFFORD SMITH, Warden,

    Respondent.

CASE NO. 2:08-cv-483
JUDGE SARGUS
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On September 12, 2008, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings recommending that the instant petition for a writ of habeas corpus be dismissed as barred by the one-year statute of limitations of 28 U.S.C. §2244(d). For the reasons that follow, petitioner's objections are **OVERRULED**. This action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Although petitioner did not previously indicate, and nor was it apparent from his petition, that he previously sought relief under 28 U.S.C. §2254, it is apparent from his objections that in 1999 petitioner filed a federal habeas corpus petition challenging the same convictions he now contests in these proceedings. *See Fugett v. Mack*, Case No. 99-cv-285 (Southern District of Ohio Eastern Division). His prior habeas corpus petition was dismissed on the merits. *See id.* Therefore, while the instant habeas corpus petition, for reasons discussed by the Magistrate Judge, plainly is time-barred, this action constitutes

1

a successive petition.

28 U.S.C. §2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curia*). Under §2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive §2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered

previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without §2244(b)(3)(A) authorization in *In re Sims, supra*.

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631.

*Id.* at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996)(per curia).

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. Petitioner previously has filed an action under 28 U.S.C. §2254 challenging the same convictions he contests in these proceedings. Therefore, petitioner's objections are **OVERRULED**. This case hereby is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

                                            10-27-2008
                                     EDMUND A. SARGUS, JR.
                                       United States District Judge